**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of herself*
*and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

———————————————————X
                                                  :
DIANA KLECKLEY, on behalf of herself and all  :
other similarly situated,                        :
                                                  :
               Plaintiff,        :    Civil Action No.
                                                  :
vs.                                               :    **CLASS ACTION COMPLAINT AND**
                                                  :    **JURY TRIAL DEMAND**
RELIABLE COLLECTION AGENCY, INC. and  :
S. ROBERT CYGAN, ESQ.,                     :
                                                  :
              Defendants.      :
                                                  :
———————————————————X


Plaintiff DIANA KLECKLEY, on behalf of herself and all others similarly situated (hereinafter "Plaintiff"), by and through her undersigned attorney, alleges against the above-named Defendants RELIABLE COLLECTION AGENCY, INC. and S. ROBERT CYGAN, ESQ. (collectively "Defendants"), their employees, agents, and successors, the following:


**<u>PRELIMINARY STATEMENT</u>**

1.     Plaintiff brings this action for actual and statutory damages and

declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5.      Plaintiff demands a jury trial on all issues.

## PARTIES

6.      The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7.      Plaintiff is a natural person and resident of the State of New Jersey, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8.    Based upon information and belief Defendant RELIABLE COLLECTION AGENCY, INC. ("Reliable") is a corporation organized under the laws of the State of New Jersey with its principal place of business located in West Caldwell, New Jersey.

9.    Based upon information and belief Defendant S. ROBERT CYGAN, ESQ. is a New Jersey licensed attorney with offices in West Caldwell, New Jersey.

10.    Upon information and belief, each defendant is a company or business that uses the mail, telephone, and facsimile and regularly engage in business, the principal purpose of which is to attempt to collect debts alleged to be due another.  Each Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).


## CLASS ACTION ALLEGATIONS

11.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were sent debt collection letters and/or notices from Defendants which are in violation of the FDCPA, as described in this Complaint.

12.    This Action is properly maintained as a class action. The Class initially consists of:

• All New Jersey consumers who were sent letters and/or notices from Defendants concerning a debt owed to Aaron Bail Bonds which contained at least one of the alleged violations of 15 U.S.C. § 1692 et seq. as set forth herein.

• The Class period begins one year prior to the filing of this Action.

3

13.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were sent debt collection letters and/or notices from Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit B,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    a.  Whether Defendants violated various provisions of the FDCPA, including, but not limited to:  15 U.S.C. §§1692e, 1692e(2)(A), 1692e(2)(B), 1692e(10), 1692f and 1692f(f)(1);

    b.  Whether Defendants misrepresented the amount  of the alleged debt;

    c.  Whether Defendants demanded an amount owed that was greater than the actual balance due;

    d.  Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    e.  Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    f.  Whether Plaintiff and the Class are entitled to declaratory relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;

- Plaintiff will fairly and adequately protect the interest of the Class and have retained experienced and competent attorneys to represent the Class;

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous

individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendants' conduct is allowed to proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains;

• Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14.    Plaintiff is at all times relevant to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

15.    Prior to November 17, 2016, Plaintiff allegedly incurred a financial obligation to Aaron Bail Bonds.

16.    The Aaron Bail Bonds obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17.    The alleged Aaron Bail Bonds obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18.    Aaron Bail Bonds is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19.    At some time prior to November 17, 2016, the Aaron Bail Bonds

obligation became past due.

20.    On or about November 17, 2016 Aaron Bail Bonds sent Plaintiff a Final Notice indicating a Total Due amount of $11,490.00.  See, attached Exhibit A.

21.    At some time after November 17, 2016, the Aaron Bail Bonds obligation was referred to Defendants for collection.

22.    On or about January 9, 2017, Defendants sent Plaintiff a collection letter with a Total Balance due of $15,319.62.  See, attached Exhibit B.

23.    The January 9, 2017 collection letter failed to itemize principal, interest, fees and costs.

24.    The January 9, 2017 collection letter sought to collect $3,829.62 more than Aaron Bail Bonds sought to collect from Plaintiff in its November 17, 2016 letter sent less than two months earlier.

25.    Plaintiff did not owe the $3,829.62, or if she did, it was an unreasonable interest charge, collection fee or cost.

26.    The January 9, 2017 collection letter was sent to Plaintiff in connection with the collection of the Aaron Bail Bonds obligation.

27.    The January 9, 2017 collection letter was a "communication" as defined by 15 U.S.C. §1692a(2).

28.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of Defendant.

29.    Plaintiff suffered actual harm by being the target of Defendants' misleading debt collection communications.

30.    Defendants violated Plaintiff's rights not to be the target of misleading

debt collection communications.

31.    Defendants violated Plaintiff's right to a trustful and fair debt collection process.

32.    Under the FDCPA, Plaintiff had the right to receive certain information from Defendants.

33.    Plaintiff had the right to receive from Defendants accurate information as to amount of the debt.

34.    Defendants' January 9, 2017 collection letter which unlawfully sought the collection of Costs caused Plaintiff a concrete injury in that Plaintiff was deprived of her right to receive accurate and trustworthy information as to the actual amount of the alleged debt that she owed.

35.    Defendants' communications were designed to cause Plaintiff to suffer a harmful disadvantage in charting a course of action in response to Defendants' collection efforts.

36.    The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendants' false representations misled the Plaintiff in a manner that deprived Plaintiff of his or her right to enjoy these benefits.

37.    As a result of Defendants' conduct, Plaintiff suffered an actual, concrete injury as a result of Defendants' failure to provide Plaintiff information required under the FDCPA.

38.    Plaintiff's receipt of a collection letter which wrongly assessed costs, fees and/or interest constitutes a concrete injury.

39.    The failure of Defendants to provide correct information impeded Plaintiff's ability to make a well-reasoned decision.

40.    Defendants' failure to provide accurate information injured Plaintiff in that it impacted her ability to decide on how to proceed with respect to the matter – will she hire an attorney, represent herself, payoff the debt, engage in a payment plan, file for bankruptcy, etc.

41.    Defendants' providing of incorrect and inflated debt information may have a negative impact on Plaintiff's credit score, can impact her ability to get credit, and can subject her to higher borrowing cost in the future.

42.    The deceptive communication additionally violated the FDCPA since it frustrated Plaintiff's ability to intelligently choose his or her response.

43.    Within the last year, Defendants sent collection letters to numerous New Jersey consumers that included a demand for an amount that was greater than the amount actually due at the time the collection letters were sent.

44.    Within the last year, Defendants sent collection letters to numerous New Jersey consumers that included a demand for an amount that included a collection fee, interest or other fee that it was not entitled to.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692 VIOLATIONS

45.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

46.     Defendants violated 15 U.S.C. §1692 et seq. of the FDCPA in connection with its collection attempts against Plaintiff and others similarly situated.

47.     By sending collection letters, the same as or substantially similar to the January 9, 2017 letter, which, among other things, identified an amount owed that was greater than the actual balance due, Defendants violated several provisions of the FDCPA, including, but not limited:

A. 15 U.S.C. §1692e, by using a false, deceptive or misleading representation or means in connection with the collection of any debt;

B.  15 U.S.C. §1692e(2)(A), by falsely representing the character, amount, or legal status of any debt;

C. 15 U.S.C. §1692e(2)(B), by falsely representing any compensation which may lawfully be received by a debt collector for the collection of a debt;

D. 15 U.S.C. § 1692e(10) of the FDCPA by of the FDCPA by using false representation or deceptive means to collect or attempt to collect a debt from Plaintiff.

E. 15 U.S.C. §1692f by using unfair or unconscionable means to collect or attempt to collect any debt;

F.  15 U.S.C. §1692f(1), by collecting or attempting to collect any amount not expressly authorized by the agreement creating the debt or permitted by law; and

G.  15 U.S.C. §1692g and 15 U.S.C. §1692g(a)(1), by failing to accurately identify the amount of the debt allegedly owed.

**WHEREFORE**, Plaintiff, on behalf of herself and others similarly situated, demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and attorney Lawrence Hersh, Esq. as Class Counsel;

(b) Awarding Plaintiff and the Class maximum statutory damages;

(c) Awarding Plaintiff and the Class actual damages

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest;

(f) Awarding reasonable attorneys' fees, costs and expenses; and

(g) Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated:  Rutherford, New Jersey
        March 1, 2017

Respectfully submitted,


By: s/ Lawrence C. Hersh
    Lawrence C. Hersh, Esq.
    17 Sylvan Street, Suite 102B

11

Rutherford, NJ  07070
(201) 507-6300

*Attorney for Plaintiff*

## <u>CERTIFICATION PURSUANT TO LOCAL RULE 11.2</u>

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated: March 1, 2017                   By: <u>s/ Lawrence C. Hersh</u>

Lawrence C. Hersh, Esq

EXHIBIT A

# AARON BAIL BONDS, CORP.

90 Broadway 2nd Floor, Paterson, NJ 07505
Tel: (973) 684-5000 Fax: (973) 684-5550

## DEMAND FOR PAYMENT ON PREMIUM ON BOND

# *FINAL NOTICE*

Date:  11/17/2016

(You the Debtor):  **Diana Kleckley**

Re: (Hereinafter known as the "Principal")  **Walt Hetmeyer**

Mr. / Ms.  **Kleckley**

You are a signatory as for the Payment Plan Agreement obligating you to pay the Premium on Bond for the Principal's Surety Bail Bond. The Premium on Bond is the fee, which, you agree to pay when you requested that Aaron Bail Bonds, Inc. post a bail bond on behalf of the Principal.

You are in breach of your agreement with Aaron Bail Bonds Corp. due to your failure to timely pay your debts.

Because of the forgoing, the full amount is due and owing according to the terms of agreement you executed.

**You must pay to Aaron Bail Bonds, Inc., the Following:**

| AARON PWR. NUMBER | DESCRIPTION | DOLLAR AMOUNT |
|---|---|---|
|  | Premium on Bond | TOTAL DUE |
| ████████ | $5,030.00 | $11,490.00 |

STEPS TO TAKE IF YOU DISPUTE THIS DEBT: Unless you notify this office within 30 days after receipt of this notice that you will dispute the validity of the debt, or any portion thereof, this office will assume the debt is valid. If you notify this office in writing within 30 days from receipt of this notice that the debt or any portion thereof is disputed, this office will obtain verification of the debtor obtain a copy of Judgment and mail to you a copy of such Judgment or verification. This is an attempt to collect a debt. Any information obtain will be used for that purpose.

The above 30 days period is not a "grace period" nor is it a period during which suit may not be initiated. Aaron Bail Bonds, Corp., may, under law, institute a legal action to collect this debt at any time.

Sincerely,

Payment Plan Department

EXHIBIT B

**RELIABLE COLLECTION AGENCY, INC.**
P.O. Box 809
West Caldwell, NJ 07007-0809
(973) 782 - 5221

January 9, 2017

Diana Kleckley
███████████████████

| | | |
|---|---|---|
| **Defendant's Name** | : | **Walt Hetmeyer** |
| **Indemnitor's Name** | : | **Diana Kleckley** |
| **Balance Owed** | : | **$15,319.62** |

Dear Ms. Kleckley,

I represent Reliable Collection Agency, Inc. with regard to the above-referenced debt.

Our client, AARON BAIL BONDS, has referred the above-referenced file to our office for collection because you have failed to make payments as agreed. At present, you have a balance with AARON BAIL BONDS in the amount of $15,319.62.

Please contact this office immediately to make payment arrangements to satisfy this balance. Otherwise, we will be forced to commence legal action against the above-named parties. By immediately contacting us does not prevent you from the right to seek validation.

Should you have any questions about payment or the balance itself, please feel free to contact me, and I or a member of my staff will be happy to help you.

Regards,

S. ROBERT CYGAN, ESQUIRE

### VALIDATION NOTICE

**The above account has been referred to us for collection. If you notify this office in writing within thirty (30) days after receiving notice that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you and we will mail a copy thereof to you. Also, if you so request in writing within the same thirty (30) day period, we will provide you with the name and address of the original creditor. Unless you dispute the validity of this debt, or any portion thereof, within thirty (30) days after receiving this notice, the debt will be assumed to be valid by the debt collector.**

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**